**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES WILLIAMS and LAURIE WILLIAMS. | : | |
| | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. |
| | : | DEMAND FOR JURY TRIAL |
| v. | : | |
| | : | |
| COLUMBUS BAR ASSOCIATION | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

For their complaint against Defendant Columbus Bar Association, Plaintiffs James and Laurie Williams, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are the publishers of the website LAWYERFINDER, located at the internet address "www.lawyerfinder.com," which they have continuously used in commerce since May 31, 1997.

2.      Defendant offers competing services to those of Plaintiff using the brand "LAWYERFINDER." Moreover, Defendant has federally registered the trademarks, "LAWYERFINDER.COM", and "COLUMBUS LAWYER FINDER.COM" both of which are confusingly similar to Plaintiffs' mark and their domain "lawyerfinder.com."

1

3.      Defendant's actions in marketing, offering for sale, and selling its services under the mark LAWYERFINDER, LAWYERFINDER.COM, and/or COLUMBUS LAWYER FINDER.COM has caused consumer confusion, misled and confused prospective purchasers, and falsely designated the source of origin of its services, all to the harm of Plaintiffs. Defendant's actions will continue to cause confusion and divert sales away from Plaintiffs unless enjoined by this Court.

4.      This is an action at law and in equity for, unfair competition and deceptive trade practices arising under 15 U.S.C. §1051 et seq. ("Lanham Act"); the Georgia Deceptive Trade Practices Act, O.C.G.A. §10-1-370 et seq.; unfair competition in violation of O.C.G.A. § 23-2-55 (2007); and trademark infringement under the common law of Georgia.

## THE PARTIES

5.      Plaintiffs, James and Laurie Williams, are the owners and publishers of the website www.lawyerfinder.com and their address is 14304 Gate Dancer Lane, Boyds, Maryland 20841. Plaintiffs regularly conduct business in this District.

6.      Defendant Columbus Bar Association is located at 175 South Third Street, Suite 1100, Columbus, Ohio 43215 and is the owner of the trademarks LAWYERFINDER.COM, Registration No 3,933,108 and COLUMBUS LAWYER FINDER.COM, Registration No 3,699,866. Said Defendant is transacting business in this District as used in O.C.G.A. Section 9-10-91(a).

2

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b) based on Defendant's unfair competition; and has supplemental jurisdiction under 28 U.S.C. § 1367(a) of related claims under Georgia law.

8.     This Court is the proper venue in which to adjudicate this action under and by virtue of 28 U.S.C. §1391(b). Defendant has purposefully committed tortious acts within this District from which these claims arise and/or has committed tortuous acts outside of the District knowing that such acts would cause injury in this District and a significant portion of the conduct and events giving rise to Plaintiffs' claims took place within this District and Division.  Said Defendant is subject to the jurisdiction of this Court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. Plaintiffs' Mark and Domain: LAWYERFINDER and lawyerfinder.com**

9.     Plaintiffs are owners of the common law mark "LAWYERFINDER," which they have continuously used in commerce since May 31, 1997.

10.     Plaintiffs own and operate a website known as "LAWYERFINDER™", which is located at the domain www.lawyerfinder.com. See Exhibit A.

11.     Plaintiffs' LAWYERFINDER website  provides users with a searchable directory of advertisements featuring lawyers and law firms, and it also offers a number of legal informational articles and other services.

12.     On June 16th, 2000 Plaintiffs filed a trademark application, Serial No. 78013019, for the mark LAWYERFINDER. However, this application was ultimately abandoned after Plaintiffs failed to timely respond to an office action sent by the Examining Attorney.

13.     Plaintiffs' services are widely used throughout the United States and this District by individuals attempting to locate legal counsel and by attorneys wishing to advertise their practices.

14.     Plaintiffs have invested substantial financial and temporal resources to develop, market, and maintain their LAWYERFINDER mark.

15.     Over the years, Plaintiffs have continuously improved the layout and features of the www.lawyerfinder.com site, as shown on the web-pages attached as Exhibit B.

16.     Through widespread and continuous use, Plaintiffs' LAWYERFINDER mark has acquired an excellent reputation and is a valuable asset of Plaintiffs.

17.     Plaintiffs' LAWYERFINDER mark is distinctive of their services and has become widely and favorably known in the minds of the public as identifying the source of their services.

18.     As a direct and proximate result of Plaintiffs long usage and promotion of their services in interstate commerce, Plaintiffs own valuable goodwill symbolized by the "LAWYERFINDER" trademark.

19.     Plaintiffs have filed federal trademark application No. 85484175 for LAWYERFINDER in connection with "providing a searchable online advertising website and informational guide featuring the goods and services of other vendors via the internet in the field of law," in International Class 35.

**B. Defendant's Unlawful Conduct**

20.     On June 5, 2008, more than eight years after the adoption and use of the trademark LAWYERFINDER by Plaintiffs, Defendant commenced publication of the website www.columbuslawyerfinder.com bearing the mark "COLUMBUS LAWYER FINDER.COM."

21.     On October 20, 2009, the United States Patent and Trademark Office ("USPTO") granted Defendant's COLUMBUS LAWYER FINDER.COM mark registration No. 3,699,866 for "providing a searchable database directory listing of lawyers via a global computer network" in International Class 35.

5

22.    On September 29, 2010, more than thirteen years after Plaintiffs began continuously operating the website www.laywerfinder.com, Defendant filed a federal application for "LAWYERFINDER.COM" in International Class 35, for "providing a searchable database directory listing of lawyers via a global computer network."

23.    On March 15, 2011, the USPTO granted Defendant's LAWERFINDER.COM mark Registration No. 3,933,108.

24.    Defendant currently owns two federal trademark registrations for "COLUMBUS LAWYER FINDER.COM" and "LAWYERFINDER.COM." (hereinafter collectively referred to as the "Marks").

25.    Defendant uses the Marks for marketing and selling services that are confusingly similar to the services offered by Plaintiffs under LAWYERFINDER.

26.    Plaintiffs' services and Defendant's services are sold in the same channels of trade.

27.    Subsequent to its adoption of its Marks, Defendant proceeded to market its services on a national basis. Through said advertising, Defendant has begun a licensing scheme, wherein it licenses "LAWYERFINDER" to other organizations.

28.    Examples of said licensing program has resulted in services that further compete with Plaintiffs' business such as: Cincinnati LawyerFinder, Clark County LawyerFinder, New Haven LawyerFinder, and Pittsburgh LawyerFinder.

29.   Defendant has had substantial contacts in the state of Georgia. Defendant has advertised services and transacted business with clients within the state of Georgia. A true and correct copy of examples of Defendant actively marketed services bearing the LAWYERFINDER mark in the State of Georgia are attached as "Exhibit C."

30.   Defendant intentionally and in bad faith imitated Plaintiffs' mark and did so with an awareness of Plaintiffs' prior use and rights in the LAWYERFINDER mark and lawyerfinder.com domain.

31.   Defendant's actions are intended to and are likely to continue to cause confusion, mistake or deception as to the source of Plaintiffs' services.

32.   Defendant's use of Marks that are confusingly similar to Plaintiffs' LAWYERFINDER mark has caused actual confusion in the marketplace.

33.   Defendant's actions have caused and will continue to cause irreparable harm to Plaintiffs and their valuable trademark, and to the business and goodwill represented thereby.

34.   Defendant's actions and the resulting damage therefrom will continue unless restrained by this Court.

**C. Irreparable Harm Suffered by Plaintiff**

35.   Defendant has used, and continues to use, "LAWYERFINDER" in connection with its efforts to advertise, market, and promote its services throughout the country using many of the same channels used by Plaintiff.

36.   Defendant's announcement of and the launch of its advertising campaign for its LAWYERFINDER services and its licensing thereof have begun to swamp the reputation of LAWYERFINDER  and the goodwill it had built up over the years in the LAWYERFINDER Marks that is likely to cause—and has actually caused—confusion among consumers and members of the general public as to the source of the parties' goods and services.

37.   Additionally, it is likely that consumers will be given the misimpression that Defendant, not Plaintiffs, are the source of the services offered under the LAWYERFINDER Mark and/or that Plaintiff is an unauthorized user of and is infringing upon Defendant's trademark rights. Such misimpressions will damage Plaintiffs' reputation.

38.   The loss of and damage to the goodwill in the LAWYERFINDER mark, the damage to Plaintiffs' reputation and confusion among consumers is likely to continue—and, in fact, intensify—unless Defendant is enjoined from its use of the mark "LAWYERFINDER" or any confusingly similar variation thereof.

## COUNT I: FRAUD ON THE PATENT ANT TRADEMARK OFFICE

### A. Knowledge of Prior Use

39.     Plaintiffs incorporate the allegations of each of the paragraphs above as if fully set forth herein.

40.     When Defendant filed its application for the mark LAWYERFINDER.COM", Defendant knew of should have known of Plaintiffs' superior right to the "LAWYERFINDER™" mark and the prior existence of their www.lawyerfinder.com domain name, both of which were in active use for over a decade.

41.     Defendant knew or should have known at the time it filed its declaration that it did not have exclusive rights to a mark consisting of a domain name, when said domain name is actively being used to market competing services, when it submitted its application to the United States Patent and Trademark Office.

42.     Defendant knew or should have known that Plaintiffs' "LAWYERFINDER™" mark and their www.lawyerfinder.com domain name were identical or confusingly similar to Defendant's LAWYERFINDER.COM mark when filing its application for the Registration.

43.     Defendant knew or should have known that registration of the
LAWYERFINDER.COM mark would create a likelihood of confusion among
consumers if the two parties used their marks contemporaneously.

44.     Defendant knew or should have known that the existence of Plaintiffs'
mark was a material fact for the examiner, and yet knowingly failed to disclose the
existence of Plaintiffs' mark to the USPTO at the time of its application, and
knowingly concealed such fact so as to mislead the examiner into believing that
Defendant was entitled to registration on the Principal Register.

45.     Specifically, an authorized agent of Defendant, who knew or should
have known that the statement was false, affirmed that it was "the owner of the
mark sought to be registered" and also falsely affirmed that "no other person, firm,
corporation, or association has the right to use the mark in commerce, either in the
identical form thereof or in such near resemblance thereto as to be likely, when
used on or in connection with the goods/services of such other person, to cause
confusion, or to cause mistake, or to deceive."

46.     Reasonably relying upon the truth of said false statement, the USPTO
grant said mark registration on the Supplemental Register.

47.     The continued registration of the LAWYERFINDER.COM mark is
causing injury to Plaintiffs' rights in their mark, Plaintiffs investment in their mark,

Plaintiffs' goodwill and business plans, and will continue to cause injury to Plaintiffs until the registration is cancelled.

48.     Defendant is not entitled to the continued registration of its mark, because Defendant committed fraud in the procurement of the Registration.

### B. Mark Not In Use

49.     Plaintiffs incorporate the allegations of each of the paragraphs above as if fully set forth herein.

50.     Defendant made a sworn declaration that it was using the Mark LAWYERFINDER.COM in connection with providing a searchable database directory listing of lawyers via a global computer network" in International Class 35, and represented that its first use of the Mark in commerce was September 20, 2010.

51.     On information and belief, Defendant has never used its mark in interstate commerce in connection with the goods and services identified in Reg. No. 3,933,108.

52.      Based on the results of an investigation it conducted, Plaintiffs assert that Defendant is not current selling, and has not previously sold the services identified in its application in the United States in conjunction with the LAWYERFINDER.COM mark.

11

53.     In its application Defendant provided a specimen allegedly showing use of the mark "LAWERYFINDER.COM."

54.     Defendant identified the specimen as "showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a digital copy of flyer."

55.     Defendant's flyer identifies "LAWYERFINDER.COM" as "the foremost online consumer resource for local lawyer and legal information", and further states that the "site features two main areas, "Find an attorney," (featuring attorney profiles by area of law) and "Legal Tool Kit," where consumers may research their legal problem."

56.     Defendant definitively identifies its product as an online website. However in the specimen, the only examples of the website are screen captures of a website bearing the trademark "COLUMBUSLAWYERFINDER.com."  The Columbus Lawyer Finder site is located at: www.columbuslawyerfinder.com.

57.     The specimen shows the LAWYERFINDER.COM mark in use with goods or services that are similar, but are in fact different from the goods or services listed in the application.

58.     Accordingly, the specimen failed to show use of the LAWYERFINDER.COM mark in connection with the goods and services identified in the application.

59.     Upon information and belief, Defendant did not, and to date, still does not have searchable database directory listing of lawyers in use on the internet that is used in conjunction with the mark LAWYERFINDER.COM.

60.     Defendant knew or should have known that its failure to use the mark in commerce with the services recited in U.S. Registration No. 3,933,108 prior to the application was a material fact for the examiner, and yet failed to disclose the existence of Plaintiffs' mark to the USPTO at the time of its application, and concealed such fact so to mislead the examiner into believing that Defendant was entitled to registration on the principal register.

61.     Defendant knew or should have known that its sworn statements that it was using the LAWYERFINDER.COM mark in interstate commerce in connection with all of the goods and services recited in Registration No. 3,933,108 prior to filing were false.

62.     Defendant knew or should have known that its statements to the USPTO attesting it was using the LAWYERFINDER.COM mark in interstate commerce in connection with all of the goods and services recited in Registration No. 3,933,108 were material misrepresentations that were intended to deceive the USPTO into believing that Defendant's Mark had met the statutory conditions required to grant a registration for the mark. Such statements were material

13

because the USPTO would not have granted Registration No. 3,933,108 in the absence of Defendant attesting that it had met these requirements.

63.     The USPTO reasonably relied on the truth of such false statements and did in fact grant Registration No. 3,933,108.

64.     LAWYERFINDER.COM was not in lawful use by Defendant in commerce in connection with the services recited in U.S. Registration No. 3,933,108 prior to the application date as required by 15 U.S.C § 1091(a).

65.     Because "LAWYERFINDER.COM" was not in lawful use by Defendant in commerce in connection with the services, U.S. Registration No. 3,933,108 should be cancelled.

## COUNT II: FALSE DESIGNATION OF ORIGIN
## and FEDERAL UNFAIR COMPETITION

66.     Plaintiffs incorporate the allegations of each of the paragraphs above as if fully set forth herein.

67.     Defendant's LAWYERFINDER.COM federal trademark registration is identical or confusingly similar to Plaintiffs' domain www.lawyerfinder.com.

68.     Defendant's COLUMBUS LAWYERFINDER.COM registration is confusingly similar to Plaintiffs' domain www.lawyerfinder.com.

69.     The services marketed by Defendant and Plaintiffs are highly similar.

70.     The channels of trade used by the parties are analogous.

14

71.     The services of the parties are sold to and marketed to the same or a similar class of purchasers.

72.     Defendant has knowingly and intentionally misrepresented and falsely designated to the public the source and origin of their products, goods and services. Defendant's unauthorized use of the is likely to cause confusion, or to cause mistake, or to deceive consumers as to Defendant's affiliation, connection or association with Plaintiff and as to the true origin, sponsorship and approval of Plaintiff's services and rights in and authorization to use the LAWYERFINDER Mark.

73.     Defendants acts constitute unfair competition and false designation of origin violating § 43 of the Lanham Act, 15 U.S.C. § 1125.

74.     Defendant's acts have been willful.

75.     Plaintiff has been damaged by, and Defendant has profited from, Defendant's wrongful conduct in an amount to be proven at trial.

76.     Monetary relief alone is inadequate to fully address the irreparable injury that Defendant's illegal actions have caused and will continue to cause to Plaintiff if this court does not enjoin Defendant.

77.      Plaintiff is therefore, entitled to preliminary and permanent injunctive relief to stop Defendant's unfair competition.

78.     Defendant's unfair competition has been willful and in bad faith, making this an exceptional case. As a result, Plaintiff should be awarded its attorneys' fees.

## COUNT III: UNFAIR COMPETITION UNDER O.C.G.A. § 23-2-55 AND THE COMMON LAW OF GEORGIA

79.     Plaintiffs incorporate the allegations of each of the paragraphs above as if fully set forth herein.

80.     The Defendant's conduct constitutes misappropriation of valuable property rights of Plaintiff and trading on the goodwill symbolized by the LAWYERFINDER Mark.

81.      The Defendant's conduct as alleged is thereby likely to confuse and deceive members of the purchasing public as to the source of services of Defendant.

82.     The acts of Defendant complained of herein constitute unfair competition in violation of O.C.G.A. § 23-2-55 (2007) and the common law of Georgia.

83.     As a result of the Defendant's conduct as alleged, Defendant has caused and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, for which it has no adequate remedy at law.

16

84.     The acts of Defendant complained of herein showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of those actions, and thus form a basis for punitive damages under O.C.G.A. § 51-12-5.1(b).

## COUNT IV: TRADEMARK INFRINGEMENT
## <u>UNDER GEORGIA COMMON LAW</u>

85.     Plaintiffs' first use of their mark LAWYERFINDER, in connection with their services, preceded the first use of Defendant's mark COLUMBUS LAWYFER FINDER.COM by eight years.

86.     Plaintiffs' use of their mark LAWYERFINDER and their domain "lawyerfinder.com" preceded Defendant's use of the mark LAWYERFINDER.COM by more than a decade.

87.     The marks at-issue of both Defendant and Plaintiffs are nearly identical. All marks contain the term "LAWYERFINDER" and this term is a salient part of all marks.

88.     The acts of Defendant have created, and unless restrained by this Court, will continue to create a likelihood of confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendant is affiliated with, sponsored by, or connected with Plaintiff.

89.     The acts of Defendant as alleged constitute common law trademark infringement in violation of the common law of the state of Georgia.

90.     As a result of its conduct, Defendant has caused, and, unless enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff for which it has no adequate remedy at law.

91.     Defendant's acts evidence bad faith, willful misconduct, and an entire want of care sufficient to demonstrate conscious indifference to consequences. Under and by virtue of O.C.G.A. Section 51-12-5.1, Plaintiff is entitled to recover punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT V: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER O.C.G.A. § 10-1-370 et seq.

92.     Plaintiff incorporates the allegations of each of the paragraphs above as if fully set forth herein.

93.     Through its continuous and unauthorized use of the LAWYERFINDER mark, Defendant has engaged in deceptive trade practices by: (i) passing off its services as those of Plaintiff; (ii) causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; (iii) causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant with Plaintiff; (iv) using deceptive representations or designations of origin in

18

connection with Defendant's services; and (v) engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding of the public and the trade.

94.     The acts of Defendant complained of herein constitute deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. 10-1-372(a) (2009).

95.     Plaintiff has suffered, and is likely to continue to suffer, irreparable damage and injury to its business reputation and goodwill as a direct and proximate result of Defendant's unlawful activity; Plaintiff has no adequate remedy at law.

96.     Defendant's unfair competition has been willful and in bad faith, making this an exceptional case under O.C.G.A. § 10-1-373(b)(2) (2009).

## COUNT VI: CANCELLATION OF DEFENDANT'S MARKS

97.     Plaintiff incorporates the allegations of each of the paragraphs above as if fully set forth herein.

98.     Plaintiff was the first to use the LAWYERFINDER mark in commerce in Georgia and throughout the nation, and has therefore developed nationwide common law rights to the exclusive use of said mark.

99.     Defendant's registrations 3,699,866 and 3,933,108 are confusingly similar to Plaintiffs' application. Accordingly, Plaintiff is entitled to a successful cancellation of Defendant's registrations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray and demand:

1) that process issue as provided by law;

2) that this Court enter a preliminary and permanent injunction prohibiting Defendant and all affiliated or related entities, agents, officers, employees, successors, assigns, parent and related companies, attorneys, and all other persons acting in concert or participation with Defendant; specifically from:

a) using the LAWYERFINDER mark in any way, in connection with Defendant's services;

b) using any mark which is a copy, or colorable imitation, or is confusingly similar to Plaintiffs' LAWYERFINDER mark or logo;

c) using any domain, which is a copy, or colorable imitation, or is confusingly similar to Plaintiffs' domain: lawyerfinder.com,

d) further publishing, distributing, disseminating, or advertising promotional materials containing the LAWYERFINDER mark or logo or any confusingly similar imitation;

e) unfairly competing with, engaging in deceptive trade practices, or damaging the goodwill of Plaintiff in any manner; or

f) or otherwise continuing any and all acts of unfair competition and deceptive trade practices as alleged in this Complaint.

3) that Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which Defendant has complied therewith;

4) that this Court issue an order to the Trademark Trial and Appeal Board canceling Defendant's registrations: No. 3,699,866 and No. 3,933,108.

5) An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be disgorged to Plaintiff;

6) Plaintiff recover its costs and prejudgment and post-judgment interest;

7) Plaintiff be awarded punitive damages to be determined by the jury; and

8) Plaintiff recover its reasonable attorneys' fees;

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Respectfully submitted,

/Travis Tunnell/_____

Travis Tunnell
Georgia Bar No. 238206
Counsel for Applicant

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
404 442 1800 (voice)
tunnell@andersondailey.com